IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK JOSEPH MCGRATH *et al.*,** | : | |
| *Plaintiffs* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CREDIT LENDERS SERVICE AGENCY, INC.,** | : | |
| | : | |
| *Defendant* | : | **No. 20-2042** |

## MEMORANDUM

PRATTER, J.                                                                                      JULY     , 2022

While courts generally grant leave to amend a complaint freely, the window of time in which a party may seek that leave is not open indefinitely. That is because "[t]ime keeps on slippin', slippin', slippin' into the future" and parties and the Court have an interest in the efficient resolution of a dispute.[1]

Here, plaintiffs Donna and Patrick McGrath seek to amend their complaint to add a new theory of liability after summary judgment when the case is otherwise ready for trial. They seek to do so almost a full year after the close of discovery, during which they admit they became aware of this potential additional claim. Moreover, their proposed amendment would require at least one additional round of briefing from the parties and at least one more opinion from this Court. Stated simply, it is too late. Therefore, the Court denies the McGraths' motion.

### BACKGROUND

Plaintiffs Patrick McGrath and Donna McGrath applied to refinance their home mortgage through Police and Fire Federal Credit Union in 2018 and 2019. The 2018 application was denied

---

[1] The Steve Miller Band, *Fly Like an Eagle, on* Fly Like an Eagle (Capitol Records 1976).

1

in October 2018 based on a report provided by a company called American Property Reports, Inc. That report listed certain judgments against the McGraths from 2014 and 2015 that were still listed as open in the Court of Common Pleas.

Likewise, the McGraths applied to refinance their mortgage again in 2019. This time, Credit Lenders Service Agency provided a credit report to Police and Fire Federal Credit Union, and that report listed the same seven judgments against the McGraths. All those judgments had been resolved and the cases closed, but the Court of Common Pleas list was not updated and neither credit reporting agency checked the individual dockets, which would have reflected that the cases had, indeed, been closed. Their 2019 refinance application was delayed.

Based on the 2019 refinance application delay, the McGraths sued Credit Lenders Service Agency on April 28, 2020, pursuant to the federal Fair Credit Reporting Act (FCRA) for (1) negligently and willfully failing to follow reasonable procedures in supplying information about plaintiffs in the Judgment Report in violation of 15 U.S.C. § 1681e(b), and (2) negligently and willfully failing to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a).

Credit Lenders Service Agency moved for summary judgment. The Court issued an opinion on this motion, granting Credit Lenders' motion in part and denying it in part. At this stage, one of the McGraths' claims remains: that Credit Lenders negligently failed to follow reasonable procedures by including those judgments in its credit report to the Bank. *See McGrath v. Credit Lenders Service Agency, Inc.*, No. 20-cv-2042, 2022 WL 580566, at *9–12 (E.D. Pa. Feb. 25, 2022). As part of its summary judgment opinion, the Court also addressed the McGraths' attempt to include their claim about the 2018 refinance application denial in the case, even though it was not included in the McGraths' complaint:

> In addition, and for the first time, the McGraths argue that Credit Lenders Service Agency is liable under the FCRA for their mortgage refinance application denial in

2

2018 *as well as* 2019. Doc. No. 22-3, at 6–7. The McGraths never raised this 2018 denial in their complaint. The complaint relates only to the delay of their application to refinance their mortgage in 2019. *See* Doc. No. 8, Am. Compl. ¶¶ 10, 24, 28. A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.

*McGrath*, 2022 WL 580566, at *2 n.5 (internal quotation marks omitted).

It seems that McGraths read the Court's footnote as "indicat[ing] that Plaintiffs would first need to file a motion to amend the pleadings if they wanted to assert a claim" based on the 2018 report. Doc. No. 45, at 3. The McGraths filed a motion for leave to amend their complaint,[2] which Credit Lenders Service Agency opposes. The Court heard oral argument on this matter, leaving it ripe for the Court's resolution.

## LEGAL STANDARD

At this stage in the litigation, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While permissive, as suggested above, that standard is not without its limits. "[A] district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). These three categories are not mutually exclusive; nor is one more compelling than another. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 & n.7 (3d Cir. 2002). A court has discretion to grant or deny a plaintiff's leave to amend, though the court must explain its reason for a denial. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010). The party opposing the amendment

---

[2] The McGraths attached their proposed amended complaint to their motion, as is required. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

3

has the burden of demonstrating why leave to amend should not be granted. *Heraeus Med. GmbH v. Esschem., Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017).

## DISCUSSION

The McGraths seek leave to amend their complaint to add a claim under the FCRA regarding the 2018 mortgage refinance application denial by American Property Reports, for which they claim Credit Lenders Service Agency is now liable under the theory of successor liability. Credit Lenders opposes the McGraths' motion, arguing that the amendment would cause undue delay, that the amendment would be futile, and that the amendment would prejudice them. The McGraths counter that the delay has not been undue, the amendment would not be futile, and that Credit Lenders would not be prejudiced because all discovery on the issue has already been done, thus requiring no more discovery or motion practice.

The Court denies the McGraths' motion. Introduction of this new legal theory at this stage of the case, considering the time between detection of this potential claim and the present motion, has already caused, and would cause, undue delay. Plus, any assessment of this new claim would, contrary to what the McGraths claim, require additional briefing and possibly more discovery, and it clearly prejudices Credit Lenders Service Agency when the case is otherwise ready for trial.

### I. The McGraths Have Demonstrated Undue Delay in Alleging This New Claim

"[D]elay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). But at a certain point "the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.'" *Id.* (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). As the Court of Appeals for the Third Circuit explained, "[w]hen a party delays making a motion to amend until after summary judgment has been granted to the adverse party, other courts have recognized that the interests in judicial economy and finality of litigation may

4

become particularly compelling." *Id.* (collecting cases). Thus, a court considering the liberal policy of leave to amend must focus on the movant's reasons for not amending sooner. *Id.* "In particular, a district court may deny leave to amend a pleading where the moving party has: (1) failed to utilize previous opportunities to amend; and (2) has not offered any explanation for this failure." *AMS Constr. Co. v. Reliance Ins. Co.*, No. 04-cv-2097, 2006 WL 1967336, at *2 (E.D. Pa. July 12, 2006).

Setting aside the parties' disagreements over who knew what and when, the parties both agree that the McGraths knew the facts underlying this new proposed claim by the time discovery concluded on March 31, 2021, and, thus, almost two months before the summary judgment deadline of May 21, 2021. Doc. No. 41, at 1, 6; Doc. No. 45, at 2. In fact, the McGraths admit that, based on depositions taken during discovery, they were aware in February and March 2021 that the report about them sold to Police and Fire as part of their 2018 refinance application was prepared by American Property Reports. Doc. No. 45, at 2. In short, the McGraths knew almost two months before the summary judgment deadline and more than a year before their present motion for leave to amend about the facts underlying this proposed new claim. They have not attempted to explain why they did not seek leave to amend at this point but failed to do so earlier.

Acknowledging this in part, the McGraths argue: "The only error Plaintiffs' counsel colorably made here is that they possibly should have filed a motion to amend the pleadings concurrently with Plaintiffs' response to CLSA's Motion to Summary Judgment." Doc. No. 45, at 8. True enough. That would have, at a minimum, allowed the Court to assess the McGraths' motion before resolving the summary judgment dispute, possibly permitting the reopening of discovery, supplemental briefing, and a postponement of summary judgment proceedings until that process was completed. But the McGraths did not do so, nor did they explain why they did not do so.

Instead, they only claim that this delay caused no prejudice, a position the Court addresses later. Here, suffice it to say that seeking leave to amend after the case has progressed beyond summary judgment nearly to trial when the McGraths admittedly knew of this potential claim long ago demonstrates undue delay.

## II. The Proposed Amendment Would Prejudice Credit Lenders Service Agency

Skipping over whether the proposed amendment would be futile, which the Court cannot adequately address without more briefing, permitting amendment at this stage more than a year after the close of discovery and summary judgment briefing would prejudice Credit Lenders Service Agency. Moreover, the fact that any assessment of the futility of an amendment would itself require additional briefing and consideration by the Court only further underscores the prejudice to Credit Lenders.

To assess potential prejudice, the Court "focus[es] on the hardship to the defendants if the amendment were permitted." *Cureton*, 252 F.3d at 273. More specifically, courts consider whether an amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.* On this basis, courts have rejected a party's late breaking attempt to amend a complaint and add a new claim, under a new legal theory, requiring more discovery and additional motion practice. *See, e.g., Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990) (finding that a proposed amended complaint which came four months after the discovery of new information, and after the close of discovery, would unfairly burden the court and the opposing party); *Heraeus Med. GmbH,* 321 F.R.D. at 218 (denying leave to amend when motion for leave was made two years after original complaint, one month before the close of discovery, and would require more motion practice).

The McGraths argue that adding this claim would not cause any additional delay because this issue has already been fully discovered and briefed to the Court in the instant motion for leave

6

to amend. Doc. No. 45, at 8. But the McGraths' attempt to introduce a new claim while unilaterally stating that the record is closed and no more briefing is needed based on both parties having devoted a scant two pages to this issue in briefing the present motion for leave to amend is untenable. As counsel for Credit Lenders explained at the oral argument on this motion, if this new claim were to be added to the case, Credit Lenders would—justifiably—request the opportunity for possible additional discovery about successor liability and additional briefing to address this new legal theory.[3]

Therefore, in addition to the undue delay on the part of the McGraths, the Court finds that permitting amendment of the McGraths' complaint at this stage of the case would prejudice Credit Lenders Service Agency and significantly undermine judicial efficiency.

## Conclusion

For the foregoing reasons, the Court denies the McGraths' motion for leave to amend their complaint. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[3] Credit Lenders also argues that granting leave to amend will cause prejudice because it will require the Court to reopen and alter the scheduling order and the McGraths have not shown good cause for doing so, as is required under Federal Rule of Civil Procedure 16(b)(4). *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). But even if the moving party demonstrates good cause to alter the scheduling order under Rule 16, when a party is seeking to amend the complaint, the Court still must assess whether a party may amend the complaint under Federal Rule of Civil Procedure 15(a). In other words, regardless of whether the McGraths have shown good cause under Rule 16(b)(4), the Court still must determine whether the McGraths' proposed amended complaint would create undue delay or prejudice under Rule 15(a). *See Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 668–69 (3d Cir. 2017); *Yujue Wang v. N.J. State Police*, No 18-cv-11933, 2021 WL 794535, at *2 (D.N.J. Mar. 1, 2021). Because the Court determines that the less stringent requirements of Rule 15(a) dispose of the McGraths' motion, there is no need to, in addition, assess the good cause requirements for altering the scheduling order under Rule 16(b)(4).